UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE MYERS,<br><br>        Petitioner,<br><br>    v.<br><br>JARED LOZANO,<br><br>        Respondent. | No. 2:19-cv-1141 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2017 prison disciplinary violation for possession of a cellular telephone. Presently before the court is petitioner's motion to proceed in forma pauperis (ECF No. 2) and his petition (ECF No. 1) for screening. For the reasons set forth below the court will recommend that the petition be dismissed without leave to amend.

**I.    In Forma Pauperis**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**II.    Screening Requirement**

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a

1

governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.").

**III.     The Petition**

Petitioner alleges that he was accused of being in possession of a cellular telephone ("cell phone") on April 18, 2017. (ECF No. 1 at 6.) He further states that at the time he was housed in a dormitory with approximately 140 other inmates. He states the cell phone was found in a common area shared by petitioner and three other inmates. Petitioner claims he was issued a Rules Violation Report (RVR) and found guilty in violation of his right to due process. (ECF No. 1 at 4.)

////

Petitioner argues that "[e]ven under the some evidence standard, [he] had a right not to be falsely accused," the RVR is supposed to be signed by the Reporting Employee, the search team supervisor classified the RVR, the issuing officer also claimed to be the Investigative Employee, petitioner was told to turn over his defense documents only to be later told that they were disposed of, officers denied his witnesses, the RVR hearing was conducted where the Reporting Employee could listen to the testimony, and the appeal was ignored and denied. (ECF No. 1 at 8.) Petitioner seeks to have the guilty finding reversed and vacated. (ECF No. 1 at 10.)

**IV. Analysis**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curium). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad, 540 U.S. at 750.

"[H]abeas jurisdiction is absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser, 411 U.S. at 484. "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983." Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). The "core of habeas corpus" is an attack on "the fact or duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." Preiser, 411 U.S. at 489.

Petitioner's claim is materially similar to the challenge considered by the Ninth Circuit in Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc). In Nettles, a prisoner serving a life sentence with the possibility of parole was found guilty of a disciplinary violation and, as a result, suffered a revocation of thirty days good conduct credits. 830 F.3d at 927. The court

3

found that success on the merits of petitioner's challenged disciplinary proceeding would not necessarily impact the fact or duration of his confinement, and therefore his challenge did not fall within "the core of habeas corpus." Id. at 931, 934. The court reasoned that "[s]uccess on the merits of Nettles' claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Id. at 934-35.

It appears from the petition, that petitioner is serving an indeterminate sentence (see ECF No. 1 at 14) and will only be released from prison at such time as the California Board of Parole Hearings determines that he is suitable. Cal. Penal Code, § 3041(a)(4). Under California law, the parole board is not required to find petitioner suitable or unsuitable for parole based on any single factor. Nettles, 830 F.3d at 935; Cal. Code Regs. tit. 15, § 2281 (information and circumstances considered in determining parole suitability). Rather, the parole board must consider "'all relevant and reliable information'" in determining parole suitability. Id. (quoting Cal. Code Regs. tit. 15, § 2281(b).)

Even if petitioner were granted his requested relief, here expungement of the challenged disciplinary hearing, it would not necessarily spell an immediate or speedier release. Because disciplinary violations are not the only factor considered when evaluating inmates for parole, the absence of the challenged disciplinary violations would not necessarily spell earlier release. "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." Nettles, 830 F.3d at 929 (fn. omitted) (citing Muhammad, 540 U.S. at 754-55). Accordingly, petitioner's claim is not cognizable in a federal habeas corpus proceeding.

In an appropriate case, a district court can convert a habeas petition into a civil rights complaint. Nettles, 830 F.3d at 935-36. However, the court declines to consider conversion of this action because there are several significant differences in a proceeding in habeas corpus compared to a civil rights action. For instance, the filing fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, as it has been here, the fee is forgiven. For civil

4

rights cases, however, the fee is $400 and under the Prison Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. § 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the fee would be deducted from income to his or her account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Based on these differences between habeas and civil rights cases, the court will recommend that this petition be dismissed. Petitioner may file a claim pursuant to 42 U.S.C. § 1983 based on the allegations contained in the petition.

**V.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma paupers (ECF No. 2) is granted; and
2. The Clerk of the Court shall randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that the petition be dismissed without leave to amend because his claim is not cognizable.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////

////

5

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 21, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas/conn0638.scrn